THE SECOND MUNICIPALITY OF NEW-ORLEANS v. JOHN McDONOGH.

The power of special taxation in the manner pointed out by the act of 3 April, 1832, regulating the opening and improvement of the streets and public places of the city of New-Orleans and its suburbs, can only be exercised by the Municipalities of New Orleans, in the cases and for the purposes provided for, by that act, that is, when lands or premises are required for the purpose of opening, extending, enlarging, straightening, or otherwise improving any street or public place. No tax can be legally assessed under that act in any other case, or for any other purpose.

APPEAL from the Commercial Court of New-Orleans, *Watts*, J. There was a judgment below against the plaintiffs, as in case of non-suit.

*Rawle*, for the appellants.

*Grymes*, for the defendant.

SIMON, J. This is a renewed attempt on the part of the Second Municipality to recover of the defendant, the amount of the very same tax which was in controversy between the same parties, in the case reported in 16 La. 534. We then held, that what was called in that case an estimate and assessment, by commissioners appointed under the act of 1832, (under which said commissioners had acted,) was, in reality, nothing else than the imposition of a tax, by an authority not recognized by law; and that the act then under consideration, being not one of taxation in its direct object, the corporation could not recover, as they had not brought themselves strictly within its provisions.

It appears that shortly after the decision of the case above alluded to, the Council of the Second Municipality thought themselves authorized to pass an ordinance, in which it is recited that: " Whereas, in conformity with a petition of John Hagan, and others, praying that certain improvements be made in the rear of the first and second wards, the cost of which was to be reimbursed by assessments on those proprietors benefited thereby, said improvements were made, &c.; and whereas, the cost thereof had been apportioned to the individual proprietors, in proportion to the benefit they have derived there-

from respectively, *by commissioners appointed by the First Judicial District Court.* Be it resolved, that the property situated, &c., is hereby taxed in the sum of $22,761 98, *apportioned in the manner fixed in the report of the commissioners of assessment,* dated 26th June, 1840, &c.; and the tax hereby laid on said property shall be due and payable on the passage of this resolution." This ordinance was sent to the Mayor, who returned it with his objections, notwithstanding which it was agreed to and passed by the Council.

. It further appears, that the amount claimed in this suit against the defendant ($3,520 39), is exactly the same sum which was fixed by the former report of the commissioners, which was the subject of the first controversy, and is apportioned to be paid by him in the same manner, and for the same benefit as was contemplated in the previous proceedings; so that the present demand, set up under the denomination of a special tax, is, in reality, nothing more than the renewed exercise of a power which we had once occasion to declare to have been illegally assumed.

Viewed in this light, can the plaintiffs be allowed to sustain now a demand, which, being based on proceedings once considered and declared by us to be illegal, is of the same nature as the one which was rejected by this court in the first case?

We think not. Whatever be the extent of the right or power of the corporation to impose a general or special tax, on the real and personal property of the inhabitants of the city, for the purposes mentioned in the law by which such power has been created (2 Moreau's Digest, p. 111), it is perfectly clear that it cannot be exercised in the manner pointed out by the law of 1832, in any other case, or for any other purpose but that provided for by said law, to wit, *whenever any lands or premises shall be required for the purpose of opening, extending, enlarging, straightening, or otherwise improving any street or public place, &c.* B. & C. Dig. p. 111. As we have already said, in our previous decision, the law of 1832 is not applicable to the case under consideration; and we agree with the judge *a quo* in the opinion, that the principles upon which taxes are imposed by the corporation upon the citizens, do not permit the Second Muni-

cipality to adopt as the basis even of a special tax, an assessment which had been made under a law, which, according to the opinion we have heretofore expressed, does not apply to the case. Certain it is that the mode here adopted is irregular and illegal, and cannot receive any sanction at our hands.

But the plaintiffs' counsel, relying upon that part of our decision in which we recognise the power of the corporation to impose a general or special tax *in such manner as to them may seem proper*, under the 6th section of the law of 1805 (B. & C. Dig. 93), has insisted that such power being once recognised, the Second Municipality had a right to exercise it in the present case; and much has been said on both sides, upon the meaning and application of the reasoning, or language used by this court in their former decision. This makes it proper for us to declare, that we never intended in that decision to establish any rule, or to recognise any principle by which this case, or any other should be decided *in futuro*, except so far as the point then in controversy, and which was the basis of our judgment, could be applied to subsequent cases which might be analogous to, or might present the same state of facts and circumstances as that under consideration; and, that both counsel have greatly misapprehended the meaning of the paragraph relied on on the one side, and complained of on the other side, if they have taken it as recognising a right in the corporation to impose, in whatever manner they please, general or special taxes in all cases, and for all purposes. The reasoning of this court was used in contradistinction to the power then assumed by the municipality, and which we had just declared to be illegal and foreign to the true object of the law of 1832, and was embodied in our judgment with no other view than to show that a tax cannot be levied on the inhabitants of the corporation, or their property, in any other manner, or for any other purpose but that prescribed by the law from which the power is derived; and that the mode pointed out by the law of 1832, cannot be resorted to but in the cases for which said law provides.

The course pursued by the corporation in this case, precludes the propriety of inquiring into the question whether the plain-

tiffs have a right to levy the tax sued for, if authorized by law, by general or special taxation, and to make it bear upon a portion of the citizens and not upon the whole community. These questions are still open, and we think we ought to abstain from expressing any opinion on these points, until a case is presented to us in such a shape as to bring them directly under our consideration.

*Judgment affirmed.*